IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ALLISON COUGILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13cv1433(JCC/TRJ) |
| ) | |
| PROSPECT MORTGAGE, LLC, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M   O P I N I O N**

This action involves a dispute as to whether Plaintiff Allison Cougill ("Plaintiff") is entitled to damages from her former employer, Prospect Mortgage, LLC ("Prospect" or "Defendant"), under the Fair Labor Standard Act ("FLSA"). Plaintiff alleges that Prospect improperly withheld minimum wage and overtime pay in violation of the FLSA. Plaintiff has now filed several motions in limine seeking to exclude certain arguments and evidence at trial. [Dkts. 32, 35, 38.] The Court will address each motion in turn.

### **I. Background**

The facts of this case are recounted in the Court's Memorandum Opinion dated January 14, 2014, familiarity with which is presumed. In brief, Plaintiff worked as a mortgage loan officer at Prospect from October 29, 2007, until October 3, 2011. (Second Am. Compl. ¶ 5; Joint Statement of Facts ¶ 5.)

1

Following her termination, Plaintiff filed this lawsuit alleging that Prospect wrongfully classified her as an exempt employee under the FLSA, resulting in lost minimum wage and overtime compensation. (Second Am. Compl. ¶¶ 23-33.)

On December 19, 2013, Defendant moved for summary judgment on grounds that Plaintiff is exempt from the FLSA's overtime and minimum wage requirements under the statute's "outside sales exemption." (Def.'s Mot. for Summ. J. at 1; Def.'s Mem. in Supp. at 7.) The Court denied Defendant's motion, concluding that the record was sufficiently "uncertain" to conclude that the exemption applied as a matter of law. (Mem. Op. Jan. 14, 2014 at 11.)

In preparation for trial, the parties have agreed on a number of uncontested facts. It is undisputed that Defendant did not pay Plaintiff an hourly wage or hourly overtime for weeks in which she worked more than forty hours. (Joint Statement of Facts ¶ 24.) It is also uncontested that Defendant did not track Plaintiff's hours. (*Id.* at ¶ 25.) Accordingly, the issues remaining for trial are limited.

## II. Standard of Review

The Federal Rules of Evidence do not specifically provide for motions in limine; however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The

2

purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider.  *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court . . . all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions *in limine*-in order to narrow the issues remaining for trial and to minimize disruptions at trial.").  The decision to grant or deny a motion in limine is within the district court's discretion.  *See Barker v. State Farm Auto. Mut. Ins. Co.,* No. 2:07-cv-00966, 2009 WL 1010547, at *4 (S.D. W. Va. Apr. 15, 2009).  Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury.  *See Jonasson v. Lutheran Child and Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997).

A court considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Further, the court's ruling regarding such a motion is "subject to change when the case unfolds, particularly if the actual

testimony differs from what was contained in the . . . proffer." *Luce*, 469 U.S. at 41.

### III. Analysis

A. <u>Motion in Limine Regarding Plaintiff's Employment Contract</u>

Plaintiff first asks the Court to preclude Defendant from arguing that her employment contract constitutes a waiver of her right to recover under the FLSA. (Mot. in Limine to Exclude Contract at 1.) In Plaintiff's own words:

> Defendant will likely attempt to argue at trial that Plaintiff's "agreement" to the terms and conditions of employment with Prospect, namely that she was paid by commissions and was not entitled to overtime or minimum wages because she was classified as exempt outside salespersons, constitutes a waiver to recover overtime pay or minimum wages in this case. Because this argument has no basis in the law and would substantially prejudice Plaintiff if the jury were allowed to consider it, Defendant should be precluded from making any such argument at trial.

(Mem. in Supp. of Mot. in Limine to Exclude Contract at 1.)

Having reviewed the applicable case law, the Court agrees with Plaintiff that such an argument would be inappropriate. As the Supreme Court has held, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

4

Courts applying this principle have concluded that an employer cannot avoid the FLSA's requirements through provisions in an employment contract. *See Holladay v. Burch, Oxner, Seale Co., CPA's, PA,* No. 4:07-cv-03804-RBH, 2009 WL 614783, at *5 (D.S.C. Mar. 6, 2009) ("[A]n employee cannot waive her rights under the FLSA and . . . her characterization as an exempt employee in the contract is not binding." (citation omitted)); *Bertrand v. The Children's Home,* 489 F. Supp. 2d 516, 521 n.3 (D. Md. 2007) (noting that plaintiff's employment agreement could not "nullify her entitlement to overtime if she is non-exempt" (citations omitted)). Accordingly, the Court will grant Plaintiff's motion to the extent that she seeks to preclude Defendant from arguing that her employment contract operates as a waiver of the current claims.

The Court finds it pertinent to note, however, that this ruling does not bar Defendant from using Plaintiff's employment contract for other purposes. Any further objections to the admissibility of this document and its contents will be addressed during trial. It would prove an exhausting exercise to hypothesize and resolve all of the possible scenarios in which Defendant may seek to introduce Plaintiff's employment contract. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better

practice is to deal with questions of admissibility of evidence when they arise.").

    B. <u>Motion in Limine to Exclude Argument that Plaintiff Did not Record Hours Worked</u>

Plaintiff next asks the Court to exclude any argument that she is barred from recovering minimum wage or overtime pay because she failed to record her hours and therefore her damages are "speculative." (Mot. in Limine to Exclude Arg. at 1.) According to Plaintiff, in cases such as this where the employer lacks records regarding the hours worked, the employee's "honest good faith estimate" is sufficient to establish the damages. (Mem. in Supp. of Mot. in Limine to Exclude Arg. at 2.)

Defendant does not intend to present this argument as theorized by Plaintiff. (Def.'s Opp'n to Mot. in Limine to Exclude Arg. at 1-2.) Accordingly, this motion is moot. Nevertheless, Plaintiff's burden of proof on the issue of damages is discussed below in an effort to avoid any confusion that may arise during trial.

A plaintiff bears the burden of proving that his or her employer did not provide appropriate compensation for the hours worked. *See Barksdale v. E & M Transp., Inc.,* No. 3:10cv140, 2010 WL 4451790, at *2 (E.D. Va. Nov. 1, 2010). Where applicable, the FLSA mandates an employer to "keep records of the '[h]ours worked each workday' by all employees." *Lee v.*

6

*Vance Exec. Prot., Inc.,* 7 F. App'x 160, 165 (4th Cir. 2001) (citing 29 C.F.R. § 516.2(a)(7)).  In a situation such as this, where the employer's time records are inaccurate or incomplete, the plaintiff can make out a *prima facie* case by alleging that he performed work for which he was not properly compensated and then "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).  Enough evidence must be offered so that the jury can estimate the unrecorded hours as "a matter of just and reasonable inference." *Lee*, 7 F. App'x at 166.  A good faith estimate of hours worked has been found sufficient to meet this threshold under appropriate circumstances. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1279 (11th Cir. 2008) ("Where employer payroll records are inadequate, litigants can only approximate the number of hours worked and the amount of pay due.  In such cases, the answer requires a numerical estimate of hours and pay.").

If the employee carries this burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Anderson,* 328 U.S. at 687–88; *see also Lee*, 7 F. App'x at 166.  If the employer cannot "produce such

7

evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson,* 328 U.S. at 688.

As the case law above indicates, Plaintiff's testimony must contain a sufficient evidentiary basis for the jury to determine as a matter of just and reasonable inference that she actually worked the hours estimated. The jury, however, need not take Plaintiff's estimation as true if they find her evidence incredible or unreasonable. Accordingly, although Defendant is precluded from claiming that Plaintiff's failure to document her hours makes her alleged damages speculative and insufficient, Defendant is not prevented from using evidence to discredit Plaintiff's estimation. Furthermore, the Court agrees with Defendant that the jury should be permitted to consider the fact that she did not record her hours as a factor bearing on the reliability of any estimate she may offer. (Def.'s Opp'n to Mot. in Limine to Exclude Arg. at 4.)

   C. <u>Motion in Limine to Determine Method for Calculating Damages</u>

Lastly, Plaintiff asks the Court to adopt a specific method for determining her damages should she prevail on the issue of liability. (Mot. in Limine to Determine Damages at 1.) Plaintiff proposes that "the jury simply be asked to provide an average number of hours worked per week during the relevant

8

statutory period, and that the Court allow the mathematical computation regarding Plaintiff's hourly rate and her total damage award to be decided post-trial by stipulation or motion practice." (Mem. in Supp. of Mot. in Limine to Determine Damages at 1.)

While Defendant agrees that the jury should not be asked to perform mathematical calculations to determine the dollar value of Plaintiff's damages, Defendant does contest Plaintiff's proposed method. (Def.'s Opp'n to Mot. in Limine to Determine Damages at 1-2.) According to Defendant, because Plaintiff earned commission, a correct damages calculation requires the jury to determine the hours Plaintiff worked each week. (*Id*. at 2.) "As a commissioned employee, if Plaintiff was entitled to overtime compensation, the hourly rate of pay for such overtime compensation would be based on a calculation that includes the number of hours that she worked in each week and the amount of her compensation in that same week." (*Id.*)

The Court's research failed to yield any case law addressing this issue. However, after considering the parties' arguments along with the applicable regulations, the Court agrees with Defendant. First, overtime compensation under the FLSA for employees such as Plaintiff is determined using the actual number of hours worked each week, not an average. *See* 29 C.F.R. § 778.104 ("It is . . . necessary to determine the hours

9

worked and the compensation earned by pieceworkers and commission employees on a weekly basis."). Moreover, the formula used to decide Plaintiff's lost overtime benefits takes into account the commission she earned each week. The hourly overtime rate for each week in which Plaintiff worked more than forty hours varies based on both the commission she earned and the hours she worked. *See* 29 C.F.R. §§ 778.107, 108, 117-121. Plaintiff's commission compensation is easily discernable from Defendant's records and appears undisputed. Therefore, an average number of hours worked per week is insufficient to allow for a damages calculation that comports with the above regulations.

As such, Plaintiff's motion will be denied. If Plaintiff establishes liability, the jury will be asked to render a finding regarding the number of hours she worked each week during the applicable limitations period. The mathematical computation regarding Plaintiff's hourly rate and her total damage award will be decided by stipulation or post-trial briefing if the parties cannot agree.

### IV. Conclusion

For the foregoing reasons, the Court will: (1) grant Plaintiff's motion in limine regarding her employment contract to the extent she seeks to preclude Defendant from arguing that this document operates as a waiver of her current claims; (2)

deny, as moot, Plaintiff's motion in limine seeking to exclude any argument that she is barred from recovering minimum wage or overtime pay because she failed to record her hours; and (3) deny Plaintiff's motion in limine requesting that the jury only be asked to provide an average number of hours worked per week during the relevant statutory period.  An appropriate order will issue.

|  |  |
|---|---|
| January 31, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |